**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DE'ANTHONY SHAMAR,**

        **Plaintiff,**

**-vs-**                                        **Case No. 6:06-cv-735-Orl-28GJK**

**CITY OF SANFORD, FLORIDA,**

        **Defendant.**

# ORDER

This cause is before the Court on the City of Sanford's ("the City") Motion in Limine (Doc. 75) and Plaintiff's ("Mr. Shamar") Memorandum in Opposition (Doc. 79) thereto. The City seeks to exclude reference to any allegations regarding discrimination or retaliation occurring after Mr. Shamar filed the instant lawsuit. These incidents are the subject of his third EEOC charge of September 12, 2007, and the City seeks to exclude them on the grounds that Mr. Shamar has failed to exhaust his administrative remedies as to them[1] and

---

[1] The City makes a similar argument in its Motion for Summary Judgment (Doc. 60), in which it contends the Court lacks subject matter jurisdiction over the incidents occurring after Mr. Shamar received his EEOC right-to-sue letter and after he filed the instant case. The City posits that those incidents are still within the purview of the EEOC's jurisdiction because the investigation of them remains pending. (Id. at 21-22.) In support of that argument, the City relies on Reynolds v. Solectron Global Services, 358 F. Supp. 2d 688, 692 (W.D. Tenn. 2005), wherein a federal district court in the Western District of Tennessee held that on the facts presented there, a race discrimination claim could not reasonably be expected to grow out of a sex discrimination charge. Reynolds is inapposite. At least as to some of these new allegations, Mr. Shamar does not appear to allege different types of discrimination from that originally presented to the EEOC; instead he alleges subsequent and continuing retaliation growing out of his exercise of his rights.

    In a footnote to its summary judgment motion, the City asks that it be granted leave to file an Amended Motion for Summary Judgment challenging those claims "[i]n the event

that their relevance is outweighed by the danger of unfair prejudice. Anticipating the failure-to-exhaust argument based on the City's questioning during his deposition, Mr. Shamar filed a third charge with the EEOC, which then referred the allegations to the Florida Commission on Human Relations for investigation. After the 180-day period had passed, Mr. Shamar requested that his claims be heard before an administrative law judge. That administrative hearing has not yet been set. In light of the turn of events, the City further argues in its Motion in Limine that Mr. Shamar has chosen to have these incidents reviewed by an Administrative Law Judge as his exclusive remedy pursuant to section 760.11(4), Florida Statutes.

Defendant's exhaustion argument lacks merit. In addition to having jurisdiction over administratively exhausted Title VII claims, the Court also has ancillary jurisdiction over claims, particularly ones of retaliation, "that grow[] out of an administrative charge that is properly before the court" but that arise after the first charge or a lawsuit has been filed. See Gupta v. E. Tex. State Univ., 654 F.2d 411, 414 (5th Cir. 1981)[2]; see also Baker v. Buckeye Cellulose Corp., 856 F.2d 167, 168-69 (11th Cir. 1988). "It is the nature of retaliation claims that they arise after the filing of the EEOC charge." Gupta, 654 F.2d at 414. The City does

---

that the Court disagrees." (Id. at 22 n.17.) The Court admonishes both parties for making assumptions regarding whether these later-occurring incidents are properly considered in this lawsuit. As to the City, it should have clarified whether these acts could be included in this case before drafting its summary judgment motion and before failing to address them. As for Mr. Shamar, and as is discussed more fully below, his failure to clarify whether these acts may be joined in this suit before he filed a third EEOC charge has created a tangled regulatory and procedural web that will likely delay resolution of this suit.

[2] This case is binding precedent in this Court under Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

not specifically argue that these retaliatory acts did not grow out of Mr. Shamar's initial charge. Indeed, evidence in the record supports a link between Mr. Shamar's being denied assignment to the Emergency Services Unit and his lawsuit against the City.[3]

To require a plaintiff to file a second EEOC complaint to assert such subsequent acts of retaliation "would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII." Gupta, 654 F.2d at 414. Requiring a double-filing, or triple-filing in this case, would constitute a procedural technicality that the Eleventh Circuit has cautioned district courts against erecting. Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1280 (11th Cir. 2004). "The purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" Id. at 1279 (quoting Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 929 (11th Cir. 1983)). If Mr. Shamar continues to be retaliated against after filing two EEOC charges and the instant lawsuit, then surely the conciliatory purpose of the exhaustion requirement would not be served by requiring him to file a third charge for acts arising out of those filings.

---

[3] By citing this example of an alleged act that seems clearly related to Mr. Shamar's EEOC charges and litigation, the Court does not conclude today that all of the subsequent acts that Mr. Shamar claims were retaliatory grew out of his attempts to assert his rights under Title VII. As suggested in the first footnote, some of the allegations – such as "disparate treatment with respect to clothing allowance on November 22, 2006" – are not, on their face, necessarily retaliatory. For purposes of this Order, however, the Court considers only those new allegations that, on their face, appear retaliatory. The Court will separately consider each of those incidents and determine whether they arise out of his earlier complaints of discrimination or retaliation at an evidentiary hearing in advance of trial.

The wrinkle here, however, is that even though Mr. Shamar might not have been required to file a third EEOC charge based on more recent retaliatory acts, he did so. The City argues that because Mr. Shamar has chosen to have those acts considered by an administrative law judge, he should not be permitted to pursue them in this case. The City cites no authority for its position except section 760.11(4), Florida Statutes, which provides that "[t]he election by the aggrieved person of filing a civil action or requesting an administrative hearing under this subsection is the exclusive procedure available to the aggrieved person pursuant to this act." The City also represents, however, that the state agency procedure is authorized through an agreement with the EEOC and that upon the agency's final determination, the EEOC will either issue Mr. Shamar another right-to-sue letter or refer his claims to the Attorney General for further review. Given that Mr. Shamar may not have needed to file his third EEOC charge at all, at least with respect to some of his subsequent allegations, and given that the agency's determination merely advises the EEOC as to whether it should dismiss the claim or issue a right-to-sue letter, the Court cannot conclude that Mr. Shamar's allegations of subsequent retaliation are barred from this Court's consideration merely because they are currently pending before an administrative judge. Without authority to the contrary, the Court must deny the City's motion in limine in this regard.

The Court will, however, entertain a motion to stay the current proceedings until the administrative hearing is complete so that both the administrative law judge and this Court are not simultaneously considering the same allegations and so as not to frustrate any possible conciliatory efforts that might arise out of that procedure. **The parties are directed**

**to file authority and argument regarding the propriety of the Court issuing a temporary stay in this matter**.  Submissions are due by **July 31, 2008**.  These developments will necessarily require removing this case from the current trial calendar.  The case is moved to the November 2008 trial calendar.

In accordance with the foregoing, Defendant's Motion in Limine (Doc. 75) is **DENIED without prejudice**.  Should the Court later conclude that certain of Mr. Shamar's allegations do not arise out of his initial charge or Complaint, the City is free to reassert arguments pertaining to their admissibility.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 17th day of July, 2008.

/s/ John Antoon II
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party